

U.S. COURT OF APPEALS
RECEIVED
**Feb 28, 2025**
FIFTH CIRCUIT

No. 25-____

---

# In the United States Court of Appeals
# for the Fifth Circuit

---

## IN RE THE GARRETSON RESOLUTION GROUP, INC.,
### *Petitioner.*

---

*On Petition for Writ of Mandamus from the United States District
Court for the Eastern District of Louisiana
Civil Action No. 2:24-cv-02156*

---

## PETITION FOR WRIT OF MANDAMUS

---

Amanda G. Taylor
Cory R. Liu
**BUTLER SNOW LLP**
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
737-802-1800
Amanda.Taylor@butlersnow.com
Cory.Liu@butlersnow.com

Sessions Ault Hootsell III
Joshua McDiarmid
**BUTLER SNOW LLP**
445 North Boulevard, Suite 300
Baton Rouge, Louisiana 70802
225-325-8700
Ault.Hootsell@butlersnow.com
Josh.McDiarmid@butlersnow.com

**ATTORNEYS FOR PETITIONER
THE GARRETSON RESOLUTION GROUP, INC.**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

Petitioner:                    The Garretson Resolution Group, Inc.

Counsel:                       Sessions Ault Hootsell III
                               Joshua McDiarmid
                               BUTLER SNOW LLP
                               445 North Boulevard, Suite 300
                               Baton Rouge, LA 70802
                               Telephone: (225) 325-8700
                               Ault.Hootsell@butlersnow.com
                               Josh.McDiarmid@butlersnow.com

                               Amanda G. Taylor
                               Cory R. Liu
                               BUTLER SNOW LLP
                               1400 Lavaca Street, Suite 1000
                               Austin, Texas 78701
                               Telephone: (737) 802-1800
                               Amanda.Taylor@butlersnow.com
                               Cory.Liu@butlersnow.com

Respondents:                   BP Exploration & Production, Inc.
                               BP America Production Company

Counsel:                       Scott C. Seiler
                               Devin C. Reid
                               LISKOW & LEWIS
                               701 Poydras Street, Suite 5000
                               New Orleans, LA 70139
                               Telephone: (504) 581-7979

Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
608 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000

Catherine Pyune McEldowney
MARON MARVEL BRADLEY ANDERSON & TARDY LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone: (302) 425-5177

Georgia L. Lucier
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200

Respondent:          Percy A. Bryant

Counsel:             Charles David Durkee
                     THE DOWNS LAW GROUP, P.A.
                     3250 Mary Street, Suite 307
                     Coconut Grove, FL 33133
                     Telephone: (305) 444-8226
                     ddurkee@downslawgroup.com

Nominal Respondent:  Hon. Donna Phillips Currault
                     United States Magistrate Judge
                     500 Poydras Street
                     Room B409
                     New Orleans, LA  70130
                     eFile-Currault@laed.uscourts.gov

*/s/ Cory R. Liu*
Cory R. Liu

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iv

ISSUE PRESENTED ................................................................................................1

FACTUAL BACKGROUND .....................................................................................2

ARGUMENT ............................................................................................................6

    I.    The District Court Clearly Abused Its Discretion by Transferring This Case in Violation of the MSA, Based on a Misreading of a Stipulation. ..........................................................................................8

    II.    Garretson Has No Adequate Appellate Remedy and the Circumstances Warrant Mandamus Relief..........................................12

CONCLUSION AND RELIEF SOUGHT ..............................................................13

# TABLE OF AUTHORITIES

## Cases

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*,
    571 U.S. 49 (2013) .................................................................. 8, 9, 12, 13

*Cheney v. U.S. Dist. Ct.*,
    542 U.S. 367 (2004) ...................................................................7

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022)........................................................6

*Def. Distributed v. Platkin*,
    55 F.4th 486 (5th Cir. 2022).........................................................5

*In re Clarke*,
    94 F.4th 502 (5th Cir. 2024)................................................. 8, 12, 13

*In re Rolls Royce Corp.*,
    775 F.3d 671 (5th Cir. 2014).........................................................6

*In re Space Exploration Technologies, Corp.*,
    No. 24-40103, 2024 WL 982501 (5th Cir. Feb. 26, 2024)....................5

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023).........................................................13

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008)................................................. 6, 7, 12

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ...................................................................8

## Statutes

28 U.S.C. § 1404.............................................................. 1, 8, 11, 12, 13

**Other Authorities**

17 James Wm. Moore et al., *Moore's Federal Practice* (3d ed. 2015).....................6

**ISSUE PRESENTED**

Did the district court clearly abuse its discretion when it *sua sponte* transferred Bryant's claim against Garretson from the Eastern District of Louisiana to the Southern District of Alabama under 28 U.S.C. § 1404(a), without briefing from Garretson, even though the MSA under which Bryant sued provides for exclusive jurisdiction over Garretson in the Eastern District of Louisiana, and the stipulation of venue that the Magistrate Judge relied on expressly excluded Garretson?

## FACTUAL BACKGROUND

As this Court knows, the Eastern District of Louisiana, Judge Carl Barbier, has played a pivotal role in managing the complex litigation arising from the Deepwater Horizon oil spill, which occurred in 2010.  The court facilitated and continues to supervise the administration of settlement agreements that designate private Claims Administrators to conduct the initial work of processing claims arising out of the oil spill.  App. 001.

The Plaintiff in this case, Percy A. Bryant, worked on shoreline cleanup and filed a lawsuit in the Eastern District of Louisiana pursuant to the Back-End Litigation Option ("BELO") of the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MSA").  App. 068, 210.

Two of the Defendants in the suit, BP Exploration & Production, Inc. and BP America Production Co. ("BP Defendants"), are parties to the MSA against whom claims have been brought for compensation in connection with the Deepwater Horizon oil spill.  The Petitioner filing this mandamus petition, Defendant The Garretson Resolution Group, Inc. ("Garretson"), is the Claims Administrator under the MSA.  Bryant does not argue that Garretson owes him personal-injury damages, but rather alleges that Garretson should have processed his claim for damages against the BP Defendants differently (specifically, a duplicative second notice of intent to sue which is outside the parameters of the MSA).  Under a forum-selection

clause in the MSA, the Eastern District of Louisiana "shall have ongoing and exclusive jurisdiction over the CLAIMS ADMINISTRATOR [*i.e.*, Garretson] and shall retain such jurisdiction through and after the EFFECTIVE DATE." App. 136.

Bryant first added Garretson as a defendant in the BELO lawsuit in his Second Amended Complaint on December 23, 2024. App. 210. As the district court docket shows, the summons was issued on December 26, 2024. App. 237. Garretson was served on December 30, 2024. App. 245.

On the same day Garretson was served, Bryant and the BP Defendants filed a document with the court titled "Parties' Statement Regarding Venue." App. 239. The MSA states that a plaintiff bringing a BELO Lawsuit against a "Back-End Litigation Option Defendant" may initially file suit in the Eastern District of Louisiana and have the suit subsequently transferred to a different venue consistent with the Federal Rules of Civil Procedure. App. 075. Under the MSA, "Back-End Litigation Option Defendant" is defined as including only a "BP defendant," *i.e.*, one of the entities responsible for the Deepwater Horizon oil spill. App. 020–21. Garretson is not a "Back-End Litigation Option Defendant" because it is not a "BP defendant," but is rather the Claims Administrator appointed by the court to process claims against "BP defendants." Bryant's own Second Amended Complaint acknowledges this, referring to Garretson as "the Claims Administrator." App. 213.

The "Parties' Statement Regarding Venue" filed with the court states:

> Plaintiff and the BP Parties agree and stipulate that this Back-End Litigation Option ("BELO") Lawsuit should, in accordance with the standards of 28 U.S.C. § 1404(a), be transferred to the United States District Court for the Southern District of Alabama for further proceedings.
>
> The Parties advise the Court that Co-defendant The Garretson Resolution Group, Inc. ("Garretson") is not included in this venue statement. Plaintiff filed a Second Amended Complaint (Rec. Doc. 18) adding Garretson as a defendant on December 23, 2024. A summons was issued for Garretson on December 26, 2024 (Rec. Doc. 20). Garretson's response to the Second Amended Complaint is not yet due.

App. 239–40. As is clear from the statement itself, Garretson was not involved in the negotiation or filing of the venue statement, which does not contain a signature of anyone purporting to represent Garretson and expressly excludes Garretson. The statement did not purport to speak for Garretson and was filed the same day Garretson was served with the Second Amended Complaint.

Nevertheless, just a few days later on January 3, 2025, before Garretson had responded or otherwise appeared in the suit, and without briefing from the parties, Eastern District of Louisiana Magistrate Judge Donna Phillips Currault *sua sponte* transferred the entirety of the case to the Southern District of Alabama, stating incorrectly that "all parties have stipulated, R. Doc. No. 21 in the captioned case, that the appropriate venue for further proceedings in this case is the United States District Court for the Southern District of Alabama." App. 242. The Magistrate Judge did not mention that the stipulation expressly excluded Garretson and was not signed by Garretson.

4

On January 8, 2025, Garretson filed a motion with the Eastern District of Louisiana to alter or amend the transfer order and also filed a Rule 12(b)(6) motion to dismiss. App. 244, 248. However, roughly half an hour before those motions were filed, the Southern District of Alabama informed the Eastern District of Louisiana that the case "has been opened in the SOUTHERN DISTRICT OF ALABAMA as case 1:25-cv-00010, filed 01/08/2025." App. 243.

Citing this Court's recent cases concerning venue transfers to out-of-circuit district courts, *Defense Distributed v. Platkin*, 55 F.4th 486 (5th Cir. 2022), and *In re Space Exploration Technologies, Corp.*, No. 24-40103, 2024 WL 982501 (5th Cir. Feb. 26, 2024) (per curiam), Magistrate Judge Currault held on January 30, 2025, that because the Southern District of Alabama had docketed the case before the motions were filed, the Eastern District of Louisiana lacked jurisdiction to rule on Garretson's pending motions. App. 253–56. Even though the cases cited by the Magistrate Judge establish that district courts can and have been directed by this Court to request a retransfer of a case from an out-of-circuit district court, the Magistrate Judge did not discuss the appropriateness of a request for retransfer, the applicability of the forum-selection clause in the MSA, or her previous order's misreading of a stipulation that excluded Garretson. Instead, the order merely stated that "the docketing of the matter in the Southern District of Alabama on January 8th

at 4:14 p.m. effected the transfer and extinguished this Court's jurisdiction over the

case . . . ."  App. 255.

Garretson filed a motion in the Southern District of Alabama on February 21,

2025, requesting a retransfer of the case to the Eastern District of Louisiana, which

is pending.  App. 257.  To correct the Magistrate Judge's error, however, Garretson

now files this petition for a writ of mandamus asking this Court to hold the transfer

order erroneous and direct the district court to request a retransfer.[*]

## ARGUMENT

"There can be no doubt . . . that mandamus is an appropriate means of testing

a district court's § 1404(a) ruling."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

309 (5th Cir. 2008) (en banc).  That is because, apart from mandamus, "[o]ther

means for review are unavailable."  *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th

Cir. 2014); *accord* 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.61,

at 111–200 (3d ed. 2015) ("[M]andamus review is available because most courts

recognize that it is almost impossible to correct an erroneous transfer order by

appellate review after a trial.").

---

[*] Out of an abundance of caution, Garretson has also filed a notice of appeal from the Magistrate Judge's order declining to alter or amend her transfer order and asks that the Court consolidate the appeal with this mandamus petition for review under either procedural path. *See, e.g.*, *Def. Distributed v. Bruck*, 30 F.4th 414, 423 (5th Cir. 2022) (noting that Defense Distributed filed both an appeal and an alternate request for mandamus relief).

Mandamus relief is warranted when: (1) the petitioner's "right to issuance of the writ is clear and indisputable"; (2) there are "no other adequate means to attain the relief [the petitioner] desires"; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). The petitioner's right to the writ is established "when there is a clear abuse of discretion." *Volkswagen*, 545 F.3d at 308.

That standard is satisfied here. Bryant sued under the MSA, which contains a forum-selection clause stating that the Eastern District of Louisiana, Judge Carl Barbier, "shall have ongoing and exclusive jurisdiction over the CLAIMS ADMINISTRATOR and shall retain such jurisdiction through and after the EFFECTIVE DATE." App. 136. Garretson is the Claims Administrator under the MSA, and Bryant added Garretson as a party to its suit to compel it to take certain acts in that role. Because the Eastern District of Louisiana has ongoing and exclusive jurisdiction over the Claims Administrator under the MSA, the Eastern District of Louisiana's order transferring Bryant's claims against Garretson to the Southern District of Alabama was legally erroneous and a clear abuse of discretion.

Absent mandamus review, Garretson has no appellate remedy for the denial of its right to retransfer. The harm stemming from the court's improper transfer will have already occurred if Garretson is forced to litigate to final judgment in the Southern District of Alabama, which did not approve the MSA governing

Garretson's conduct, and which is excluded from exercising jurisdiction over Garretson under the MSA. The circumstances in this case warrant mandamus relief.

## I.    The District Court Clearly Abused Its Discretion by Transferring This Case in Violation of the MSA, Based on a Misreading of a Stipulation.

As a general matter, transfer under 28 U.S.C. § 1404(a) is properly granted only if the moving party "establishes good cause" by "clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *See In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause," which "represents the parties' agreement as to the most proper forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* For this reason, "a valid forum-selection clause" should be "given controlling weight in all but the most exceptional cases." *Id.* Rather than considering the parties' preferences, which are already spoken for by the forum-selection clause, the only consideration for the district court in determining whether to transfer the case is whether transfer would further the public interest. *Id.* at 64 (stating that in cases where a forum-selection clause exists, "a district court may consider arguments about public-interest factors only"). The "public-interest factors will rarely" defeat the enforcement of a forum-

selection clause, with "the practical result" being "that forum-selection clauses should control except in unusual cases." *Id.* at 64.

Bryant's complaint involves a claim for damages made "[p]ursuant to the terms of the MSA" that settled the Deepwater Horizon Medical Benefits Class Action. App. 211. The complaint acknowledges that Garretson is the Claims Administrator appointed by the Eastern District of Louisiana to process claims under the MSA, rather than a defendant responsible for the Deepwater Horizon oil spill. App. 213.

Under the plain terms of the MSA, the Eastern District of Louisiana "shall have ongoing and exclusive jurisdiction over the CLAIMS ADMINISTRATOR and shall retain such jurisdiction through and after the EFFECTIVE DATE." App. 136. Further, Judge Carl Barbier adopted and incorporated the terms of the MSA into his Order and Judgment Granting Final Approval of Medical Benefits Class Action Settlement and Confirming Certification of the Medical Benefits Settlement Class ("Final Approval Order"). The Final Approval Order expressly states:

> 21. The Court expressly adopts and incorporates the terms of the [MSA] into this Order as if fully set forth herein such that a future action involving an alleged breach of the [MSA] or a dispute concerning the interpretation, implementation, administration, or enforcement of the terms of the Medical Benefits Class Action Settlement Agreement will implicate this Final Approval Order and fall within this Court's ancillary jurisdiction to enforce its own orders.

22.     In addition, the Court retains continuing and exclusive jurisdiction over the Parties, the Medical Benefits Settlement Class Members and this [MSA], to interpret, implement, administer and enforce the [MSA] in accordance with its terms.

App. 007.  Thus, the retention of ongoing and exclusive jurisdiction by the Eastern District of Louisiana is far more than a contract between private parties—it is a directive from Judge Carl Barbier in the Final Approval Order.

A separate provision of the MSA states that a plaintiff bringing a BELO Lawsuit against a BELO Defendant may initially file suit in the Eastern District of Louisiana and have the suit subsequently transferred to a different venue consistent with the Federal Rules of Civil Procedure.  App. 75.  But Garretson is the Claims Administrator for the MSA, not a BELO Defendant, which the MSA defines as "a BP Defendant," *i.e.*, one of the entities responsible for the Deepwater Horizon oil spill.  App. 20–21.  Bryant's inclusion of Garretson in the Second Amended Complaint is based solely on Garretson's role as the Claims Administrator for the MSA, more specifically, Bryant's allegation regarding Garretson's claims handling.  App. 215–16.  Accordingly, the MSA's forum-selection clause specifying that the Eastern District of Louisiana has ongoing and exclusive jurisdiction over the Claims Administrator applies, and the Southern District of Alabama lacks jurisdiction to order the Claims Administrator to do anything.

The Magistrate Judge *sua sponte* ordered the entirety of this case transferred to the Southern District of Alabama based on a misunderstanding of a venue

statement presented by Bryant and the BP Defendants to have their dispute transferred to the Southern District of Alabama.  That statement was specifically limited to "Plaintiff and the BP Parties" and stated that the "Parties advise the Court that Co-Defendant The Garretson Resolution Group, Inc. ('Garretson') is not included in this venue statement."  App. 239.  It was filed with the court on December 30, 2024, the same day Garretson was served with the complaint, just four days after the issuance of summons, and without any signature by a representative of Garretson because Garretson obviously was not a party to the statement.  App. 237, 239, 245.  Even though the statement clearly did not cover Garretson, the Magistrate Judge erroneously entered an order just days later on January 3, 2025, before Garretson had responded or otherwise appeared in the suit and without briefing from the parties, incorrectly stating that "all parties have stipulated, R. Doc. No. 21 in the captioned case, that the appropriate venue for further proceedings in this case is the United States District Court for the Southern District of Alabama." App. 242.  The order concluded that the "convenience of the parties and witnesses and the interests of justice warrant transfer of the case," citing 28 U.S.C. § 1404.  *Id.*

By ignoring the MSA, misunderstanding the stipulation, and *sua sponte* ordering the transfer of the entire case to the Southern District of Alabama without briefing, the Magistrate Judge committed a clear abuse of discretion.  The Magistrate Judge's order violates the Supreme Court's holding in *Atlantic Marine* that "forum-

selection clauses should control except in unusual cases." 571 U.S. at 64. The public

interest is best served by respecting the forum-selection clause of the MSA, which

has provided predictability and uniformity in the handling of issues involving Claims

Administrators for more than a decade. Allowing Bryant to violate the forum-

selection clause would undermine the values of legal consistency and judicial

efficiency that are achieved by having the Eastern District of Louisiana supervise

the administration of the settlement that it approved. For these reasons, Garretson

has established a clear and indisputable right to have this case retransferred back to

the Eastern District of Louisiana.

## II.   Garretson Has No Adequate Appellate Remedy and the Circumstances Warrant Mandamus Relief.

As this Court has explained, the harms associated with an erroneous 28 U.S.C.

§ 1404(a) transfer "will already have been done by the time the case is tried and

appealed." *Volkswagen*, 545 F.3d at 318–19; *see also Clarke*, 94 F.4th at 516

(concluding that there is no adequate appellate remedy "because there is no other

avenue for petitioners to seek recourse for the erroneous transfer decision").

The circumstances of a case warrant the exercise of this Court's discretion to

grant mandamus relief "particularly . . . when the issues also have an importance

beyond the immediate case." *Volkswagen*, 545 F.3d at 319. Allowing for the

circumvention of the MSA's forum-selection clause would open the door to all sorts

of unnecessary venue litigation in future cases that arise under the MSA, or indeed,

any other settlement agreement containing a forum-selection clause. The Supreme Court's decision in *Atlantic Marine* rightly sought to curb such litigation by clarifying that forum-selection clauses "should control except in unusual cases." 571 U.S. at 64. Correcting the Magistrate Judge's erroneous violation of that precedent would help to strengthen and provide additional clarity to this Court's venue-transfer jurisprudence. *See In re TikTok, Inc.*, 85 F.4th 352, 367 (5th Cir. 2023) (holding that a dearth of "precedential opinions" counseled in favor of granting mandamus relief to improve "consistency of outcomes" by further instructing when transfer is, or is not, warranted under 28 U.S.C. § 1404(a)).

## CONCLUSION AND RELIEF SOUGHT

Garretson requests that this Court issue a writ of mandamus holding that the district court erred in transferring the claims against Garretson to the Southern District of Alabama under 28 U.S.C. § 1404(a) and order the Eastern District of Louisiana to request a retransfer of the case. *See, e.g.*, *Clarke*, 94 F.4th at 516 ("The district court is directed to request return of the case from D.D.C.").

13

DATED: February 28, 2025

Respectfully submitted,

By: */s/ Cory R. Liu*
    Amanda G. Taylor
    Cory R. Liu
    **BUTLER SNOW LLP**
    1400 Lavaca Street, Suite 1000
    Austin, Texas 78701
    737-802-1800
    Amanda.Taylor@butlersnow.com
    Cory.Liu@butlersnow.com

    Sessions Ault Hootsell III
    Joshua McDiarmid
    **BUTLER SNOW LLP**
    445 North Boulevard, Suite 300
    Baton Rouge, Louisiana 70802
    225-325-8700
    Ault.Hootsell@butlersnow.com
    Joshua.McDiarmid@butlersnow.com

    ***ATTORNEYS FOR PETITIONER***
    ***THE GARRETSON RESOLUTION GROUP, INC.***

## CERTIFICATE OF COMPLIANCE

1.      This petition complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 2,986 words, excluding the parts of the petition exempted by FED. R. APP. P. 32(f).

2.      This petition complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font, size 14.

*/s/ Cory R. Liu*
Cory R. Liu

# CERTIFICATE OF SERVICE

On February 28, 2025, a true and correct copy of the foregoing was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the Fifth Circuit and served on the following in the manner listed:

**Served Via Email:**

Charles David Durkee
THE DOWNS LAW GROUP, P.A.
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
ddurkee@downslawgroup.com
**Attorney for Respondent Percy A. Bryant, Jr.**

**Served Via Email & US Certified Mail:**

Hon. Donna Phillips Currault
United States Magistrate Judge
500 Poydras Street
Room B409
New Orleans, LA 70130
eFile-Currault@laed.uscourts.gov

**Served Via Email:**

Scott C. Seiler
Devin C. Reid
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
scseiler@liskow.com
dcreid@liskow.com

Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
khodges@wc.com

Catherine Pyune McEldowney
MARON MARVEL BRADLEY
ANDERSON &TARDY LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
cpm@maronmarvel.com

Georgia L. Lucier
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
georgialucier@huntonak.com
**Attorneys for Respondents, BP Exploration & Production, Inc. & BP America Production Co.**

*/s/ Cory R. Liu*
Cory R. Liu

16