# No. 25-30120

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE THE GARRETSON RESOLUTION GROUP, INC.,
Petitioner,

On Petition for Writ of Mandamus from the United States District
Court for the Eastern District of Louisiana
Civil Action No. 2:24-cv-02156

**RESPONSE TO PETITION FOR WRIT OF MANDAMUS**

Kevin M. Hodges
Williams & Connolly LLP
608 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000

Catherine Pyune McEldowney
Maron Marvel Bradley Anderson &
Tardy LLC
1201 North Market Street, Suite 1100
Wilmington, DE 19801
Telephone: (302) 425-5177

Georgia L. Lucier
Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200

Scott C. Seiler (Bar #19784)
Kelly Brechtel Becker (Bar # 27375)
Devin C. Reid (Bar #32645)
Chace Vienne (Bar #40091)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

*Attorneys for Respondents*
*BP Exploration & Production, Inc. and BP America Production Company*

1

# <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Petitioner: | <u>The Garretson Resolution Group, Inc.</u> |
| Counsel: | Sessions Ault Hootsell III<br>Joshua McDiarmid<br>Butler Snow LLP<br>445 North Boulevard, Site 300<br>Baton Rouge, LA 70802<br>Telephone: (225) 325-8700<br>Ault.Hootsee@butlersnow.com<br>Josh.McDiarmid@butlersnow.com |
| | Amanda G. Taylor<br>Cory R. Liu<br>Butler Snow LLP<br>1400 Lavaca Street, Suite 1000<br>Austin, Texas 78701<br>Telephone: (737) 802-1800<br>Amanda.Taylor@butlersnow.com<br>Cory.Liu@butlersnow.com |
| Respondents: | <u>BP Exploration & Production, Inc.</u><br><u>BP America Production Company</u> |
| Counsel: | Scott C. Seiler<br>Devin C. Reid<br>Kelly Brechtel Becker<br>Chace Vienne<br>Liskow & Lewis<br>701 Poydras Street, Suite 5000<br>New Orleans, LA 70139<br>Telephone: (504) 581-7979 |

#6617774v1

|  |  |
|---|---|
|  | Kevin M. Hodges<br>Williams & Connolly LLP<br>608 Maine Ave. SW<br>Washington, DC 20024<br>Telephone: (202) 434-5000 |
|  | Catherine Pyune McEldowney<br>Maron Marvel Bradley Anderson & Tardy LLC<br>1201 North Market Street, Suite 900<br>Wilmington, DE 19801<br>Telephone: (302) 425-5177 |
|  | Georgia L. Lucier<br>Hunton Andrews Kurth LLP<br>600 Travis Street, Suite 4200<br>Houston, TX 77002<br>Telephone: (713) 220-4200 |
| Respondent: | Percy A. Bryant |
| Counsel: | Charles David Durkee<br>The Downs Law Group, P.A.<br>3250 Mary Street, Suite 307<br>Coconut Grove, FL 33133<br>Telephone: (305) 444-8226)<br>ddurkee@downslawgroup.com |
| Nominal Respondent: | Hon. Donna Phillips Currault<br>United States Magistrate Judge<br>500 Poydras Street<br>Room B409<br>New Orleans, LA 70130<br>eFile-Currault@laed.uscourts.gov |

      /s/ Kelly B. Becker
      **KELLY BRECHTEL BECKER**
      Counsel for RESPONDENT
      BP Exploration & Production, Inc.
      and BP America Production
      Company

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ....................................................... i

TABLE OF CONTENTS ....................................................................................... iii

TABLE OF AUTHORITIES .................................................................................. iv

ISSUES PRESENTED ............................................................................................. v

I.     INTRODUCTION ........................................................................................ 1

II.    STATEMENT OF FACTS .......................................................................... 1

III.   ARGUMENT ................................................................................................ 4

IV.   CONCLUSION ............................................................................................. 8

CERTIFICATE OF SERVICE ................................................................................. 9

CERTIFICATE OF COMPLIANCE ........................................................................ 9

-iv-

# TABLE OF AUTHORITIES

**Cases**                                                                                           P<small>AGE</small> #

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*,
　571 U.S. 49 (2013) ............................................................................................. 5

*Cheney v. U.S. Dist. Ct. for Dist. of Columbia*,
　542 U.S. 367 (2004) ........................................................................................... 5

*In re Clarke*,
　94 F.4th 502 (5th Cir. 2024) ........................................................................... 5, 7

*In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) ....................................................... 5

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ................................... 5

**Statutes**

28 U.S.C. § 1404(a) ................................................................................. v, 3, 5, 6

## **ISSUES PRESENTED**

This petition concerns the district court's decision to transfer a case to the Southern District of Alabama under 28 U.S.C. § 1404(a) in light of the exclusive jurisdiction afforded to the Eastern District of Louisiana under the Medical Benefits Class Settlement Agreement. Under these circumstances, should this panel grant mandamus relief and direct the district court to request that the case be returned for further proceedings?

## I. INTRODUCTION

BP agrees with Petitioner, The Garretson Resolution Group, Inc. ("Garretson"), that a retransfer in this case is proper. Because the multi-district litigation ("MDL") court overseeing the *Deepwater Horizon* lawsuits is the proper court to decide Plaintiff Percy Bryant's claims against Garretson, BP does not oppose the relief sought in the mandamus petition. BP maintains, however, that the claim brought by Plaintiff against the BP Defendants should ultimately be adjudicated in the Southern District of Alabama.

## II. STATEMENT OF FACTS

This is another action spawned by the *Deepwater Horizon* oil spill. The lawsuit springs from the Medical Benefits Class Action Settlement Agreement ("MSA") that Judge Barbier approved as part of the multi-district litigation (the "MDL Court"). *See* **App.012.** Under the MSA, class members who were first diagnosed after April 16, 2012 may sue BP in what is called a Back-End Litigation Option ("BELO"). **App.020.**

The MSA outlines a robust claims procedure for BELO Plaintiffs. Before filing suit, class members must submit a "Notice of Intent to Sue" to the MSA "Claims Administrator." **App.69, 136.** The Claims Administrator, who is appointed by the court, must then transmit that notice to BP. **App.69.** After receiving the notice, BP has thirty days to elect to mediate the claim, otherwise the claim can proceed to

litigation where the MSA continues to govern. **App.69, 75**. For instance, the MSA requires that BELO Plaintiffs name "BP Exploration & Production Inc." and "BP America Production Company" as Defendants. **App.021, Supp. App.36.** Plaintiffs must also file their initial complaint in the Eastern District of Louisiana, although the MSA permits a subsequent transfer of the case to a different venue. **App.075.** To streamline any potential venue transfer, the MDL Court has entered a BELO case management order, requiring, among other things, that parties stipulate to venue or file motions to transfer venue within 120 days after the plaintiff files their complaint. **Supp. App.37.**

This case involves a BELO action brought in the MDL Court. Plaintiff Percy Bryant ("Bryant") was an Alabama shoreline cleanup worker who alleges injuries from exposure to toxic substances during cleanup operations. **Supp. App.6.** Bryant's original complaint named the BP entities as Defendants as well as a company, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), whom Bryant (inaccurately) alleged served as the MSA Claims Administrator.[1] **Supp. App.9.** According to Bryant, Epiq did not process his claim as allegedly required by the MSA. **Supp. App.12.** After Bryant initiated the lawsuit, the MDL Court issued its standard case management

---

[1] Bryant filed an amended complaint on the same day the district court issued its case management order, including the same parties as defendants. **Supp. App. 3.**

order, which, among other things, required the parties to stipulate to or submit their positions on venue by December 30, 2024. **Supp. App.37.**

Meanwhile, on November 14, 2024, Epiq moved for Rule 12 dismissal on the ground that it was not the Claims Administrator and that Bryant had sued the wrong company. **Supp. App.44.** Thereafter, on December 9, 2024, the Magistrate Judge issued a ruling that recommended dismissal in favor of the company. **Supp. App.51.** The ruling also allowed Bryant to amend his complaint to name the correct BELO Claims Administrator, The Garretson Resolution Group, which had been appointed by the MDL Court. **Supp. App.51.** Bryant filed his second amended complaint on December 23, 2024, naming Garretson as a new defendant alongside the initial BP Defendants. **App.210.** A week later, as required by the case management order, Plaintiff and the BP Defendants stipulated that as to the BP Defendants and Plaintiff, venue was proper in the Southern District of Alabama under 28 U.S.C. § 1404(a). **App.239–40.** At the time Plaintiff and the BP Defendants submitted their venue statement, there was no indication on the docket that Plaintiff had served Garretson with the second amended complaint, and Garretson was not a party to the venue stipulation. The parties' stipulation to venue stated that "Co-Defendant The Garretson Resolution Group, Inc. ('Garretson') is not included in this venue statement." **App.239**. On January 3, 2025, the MDL Court entered an order transferring the case to the Southern District of Alabama based upon the venue

stipulation of Plaintiff and the BP Defendants. **App.242.** After the case was docketed with the Southern District of Alabama, Garretson filed a Motion to Dismiss the second amended complaint under Rule 12 and a Motion to Alter/Amend Transfer Order, both of which the Magistrate Judge denied given that jurisdiction over the matter had been lost. **App.244, 248, 253.**

## III.  ARGUMENT

Under the MSA, the Eastern District of Louisiana is the appropriate venue to resolve Bryant's action against Garretson. As recognized by Bryant's second amended complaint, the express terms of the MSA establish that the "Claims Administrator shall be appointed by the [MDL] Court," and that same court has "ongoing and exclusive jurisdiction over the Claims Administrator." **App.136; 231, ¶ 91**. The allegations in his complaint all involve Garretson's performance of its duties in the role of Claims Administrator. **App.213.** Bryant specifically asks for enforcement of the MSA-mandated pre-filing claims process, requesting both "Declaratory Judgment" and "Specific Performance." **App.230–36.** While the viability of Bryant's claims against Garretson is dubious,[2] the MDL Court is the

---

[2] The BP Defendants maintain that Plaintiff's claims against Garretson do not present a controversy requiring judicial resolution and can be dismissed on that basis (and on other grounds that have been raised by Garretson). The second amended complaint seeks relief against Garretson that would require Garretson to perform certain pre-filing claims processing activities as set forth in the MSA. However, the BP Parties have not asserted that this action should be dismissed due to the failure to perform those pre-filing activities.

-4-

court with exclusive jurisdiction over the Claims Administrator under the terms of the MSA.

To this extent, BP does not oppose the mandamus relief that Garretson seeks. A mandamus is the "appropriate" mechanism to challenge a district court's 28 U.S.C. § 1404(a) transfer ruling. *See In re Clarke*, 94 F.4th 502, 516 (5th Cir. 2024); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 (5th Cir. 2008). Garretson's entitlement to mandamus hinges on three elements, all of which are met on the unusual facts presented. First, "there must be 'no other adequate means to attain the relief desired.'" *In re TikTok, Inc.*, 85 F.4th 352, 357 (5th Cir. 2023) (quoting *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004)). Second, "the right to issuance of the writ must be clear and indisputable." *Id.* at 357–58 (cleaned up). Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 358.

Garretson has no adequate means to seek review of the Eastern District of Louisiana decision.[3] *In re Clarke*, 94 F.4th at 516. Garretson did not submit its position on venue, or assert the MDL Court's exclusive jurisdiction, prior to transfer. *See In re Clarke*, 94 F.4th at 507 n.1. The Court has issued writs in similar circumstances directing the district court to request retransfer of a case. *See id.* at

---

[3] Garretson has filed a motion requesting that the Southern District of Alabama retransfer the case to the MDL Court. **App.257.** That motion is pending.

516; *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013). Such a directive must come from the appellate court. **ECF.47 at 8**; *see Def. Distributed v. Platkin*, 55 F.4th 486, 496 (5th Cir. 2022) ("[T]he expectation is that circuit courts direct 'the transferor district court to request that the transferee court return the case.'" (quoting *Def. Distributed v. Bruck,* 30 F.4th 414, 424 (5th Cir. 2022))).

To be clear, as to Bryant's claim that is solely against the BP Defendants (*i.e.*, the BELO claim contemplated by the MSA), the transfer of this case to the Southern District of Alabama was proper under the relevant § 1404(a) standards and according to the stipulations filed by Bryant and the BP Defendants. **App.239–40.** Thousands of BELO claims have been filed in which plaintiff and the BP Defendants have submitted their venue stipulations or motions addressing the § 1404(a) standards. This is an unusual case in which the BELO plaintiff has also chosen to name the Claims Administrator as a defendant. (This is even more unusual because, under the MDL Court's Case Management Order, the BP Defendants "are the only two defendants who may permissibly be named as defendants in any BELO complaint.") **Supp. App.36.**

However, at the time the District Court issued the venue transfer order, Garretson's status in the case would have been unclear. **Supp. App. 4.** The Magistrate Judge had recommended dismissal of the amended complaint against

-6-

#6617774v1

Epiq, with leave to amend. **Supp. App.52.** Plaintiff had filed a second amended complaint naming Garretson, but the docket did not reflect a return of service. Garretson had not answered or moved to dismiss the second amended complaint, and it did not file a statement of its position on venue (nor was it required to do so under the case management order, which expressly applied only to the Plaintiff and the BP Defendants). **Supp.App.4, 36.**

Garretson has since attempted to invoke the "ongoing and exclusive jurisdiction" of the MDL Court over the Claims Administrator as provided in the MSA. **App.136.** The BP Defendants submit that pursuant to this MSA provision, it is proper for the MDL Court to decide Bryant's claims against Garretson acting in its capacity as Claims Administrator. The BP Defendants agree that it would be appropriate for this Court to grant the requested relief and issue a writ of mandamus directing the district court "to request return of the case" from the Southern District of Alabama. *See In re Clarke*, 94 F.4th at 516.

## IV.  CONCLUSION

The BP Defendants agree that the claims against Garretson alleged in Bryant's second amended complaint are properly adjudicated in the MDL Court pursuant to the MSA. Thus, the BP Defendants do not oppose Garretson's request for mandamus as a means to achieve that relief. BP further agrees that an order directing the district court to request a return of the case from the Southern District of Alabama would be appropriate under this Court's precedent and these unusual circumstances. That said, BP nevertheless confirms that the remaining BELO claim against BP Defendants should be adjudicated in the Southern District of Alabama.

Respectfully submitted,

 */s/ Kelly B. Becker*
Scott C. Seiler (Bar #19784)
Kelly Brechtel Becker (#27375)
Devin C. Reid (Bar #32645)
Chace Vienne (#40091)
**LISKOW & LEWIS**
Hancock Whitney Center
701 Poydras Street, Suite 5000
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Kevin M. Hodges
Williams & Connolly LLP
608 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000

Catherine Pyune McEldowney
Maron Marvel Bradley Anderson & Tardy LLC
1201 North Market Street, Suite 1100
Wilmington, DE 19801
Telephone: (302) 425-5177

Georgia L. Lucier
Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200

*Attorneys for Respondents,*
*BP Exploration & Production, Inc., and*
*BP America Production Company*

# CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on March 24, 2025, on all registered counsel of record, and has been transmitted to the Clerk of Court.

 */s/ Kelly B. Becker*
**COUNSEL FOR RESPONDENTS**
**BP EXPLORATION & PRODUCTION, INC., AND**
**BP AMERICA PRODUCTION COMPANY**

-9-

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains **1,447** words as determined by the word-count function of Microsoft Word 2010, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2108 in Times New Roman font, 14-point type face.

>  */s/ Kelly B. Becker*
>  COUNSEL FOR RESPONDENTS
>  BP EXPLORATION & PRODUCTION, INC., AND
>  BP AMERICA PRODUCTION COMPANY