No. 25-30120

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

In re: The Garretson Resolution Group, Inc.,

Petitioner

---

On Petition for Writ of Mandamus from the United States District Court
for the Eastern District of Louisiana
Civil Action No. 2:24-cv-02156

---

## MR. PERCY BRYANT'S RESPONSE TO THE GARRETSON
## RESOLUTION GROUP'S PETITION FOR WRIT OF MANDAMUS

---

C. David Durkee, Esq.
Florida Bar No.: 998435
Jason Larey, Esq.
Florida Bar No. 1019237
**THE DOWNS LAW GROUP, P.A.**
3250 Mary Street Ste 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226

**Attorneys for Respondent Percy Bryant**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Petitioner: | The Garretson Resolution Group, Inc. |
| Counsel: | Sessions Ault Hootsell III |
| | Joshua McDiarmid |
| | BUTLER SNOW LLP |
| | 445 North Boulevard, Suite 300 |
| | Baton Rouge, LA 70802 |
| | Telephone: (225) 325-8700 |
| | Ault.Hootsell@butlersnow.com |
| | Josh.McDiarmid@butlersnow.com |
| | |
| | Amanda G. Taylor |
| | Cory R. Liu |
| | BUTLER SNOW LLP |
| | 1400 Lavaca Street, Suite 1000 |
| | Austin, Texas 78701 |
| | Telephone: (737) 802-1800 |
| | Amanda.Taylor@butlersnow.com |
| | Cory.Liu@butlersnow.com |
| | |
| Respondents: | BP Exploration & Production, Inc. |
| | BP America Production Company |
| | |
| Counsel: | Scott C. Seiler |
| | Devin C. Reid |
| | Chance Austin Vienne |
| | Kelly Brechtel Becker |
| | LISKOW & LEWIS |

i

701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979

Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
608 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000

Catherine Pyune McEldowney
MARON MARVEL BRADLEY ANDERSON &
TARDY LLC
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone: (302) 425-5177

Georgia L. Lucier
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200

Respondent:              Percy A. Bryant, Jr.

Counsel:                 C. David Durkee
                         Jason Matthew Larey
                         THE DOWNS LAW GROUP, P.A.
                         3250 Mary Street, Suite 307
                         Coconut Grove, FL 33133
                         Telephone: (305) 444-8226
                         ddurkee@downslawgroup.com
                         jlarey@downslawgroup.com

Nominal Respondent:      Hon. Donna Phillips Currault
                         United States Magistrate Judge
                         500 Poydras Street
                         Room B409
                         New Orleans, LA 70130
                         eFile-Currault@laed.uscourts.gov

*/s/ C. David Durkee*
C. David Durkee, Esq.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS ............................................. i

TABLE OF CONTENTS ..................................................................... iv

TABLE OF AUTHORITIES ................................................................. v

ISSUES PRESENTED ...................................................................... 1

FACTUAL BACKGROUND.................................................................. 2

ARGUMENT ................................................................................ 6

   I.   Garretson's Failure to Exercise Available Avenues of Review Bars
Mandamus. .......................................................................... 9

   II.  The Magistrate Judge Did Not Abuse Her Discretion When She Denied
Garretson Relief That It Never Requested. ................................... 15

   III.    Garretson Failed to Satisfy its Burden for Obtaining Mandamus Relief.
.......................................................................................... 15

     A.   Garretson cannot show that it has no other adequate means to obtain
relief. ............................................................................... 16

     B.  The plain language of the Medical Settlement Agreement anticipates
and permits venue transfer. ................................................... 19

     C.  The writ is not appropriate under the circumstances. ....................... 24

       1.   Issuing the writ will not clarify the law........................................ 24

       2.   The writ is unwarranted because Garretson was not diligent. ......... 25

       3.   Granting relief would undermine judicial efficiency and risk inter-
circuit conflict.................................................................... 27

CONCLUSION.............................................................................. 29

CERTIFICATE OF COMPLIANCE ....................................................... 31

CERTIFICATE OF SERVICE .............................................................. 32

# TABLE OF AUTHORITIES

## Cases

*Cadle Co. v. Whataburger of Alice, Inc.*,
  174 F.3d 599 (5th Cir. 1999) ...................................................... 28

*Califano v. Moynahan*,
  596 F.2d 1320 (6th Cir. 1979) .............................................. 11, 17

*Chandler v. Judicial Council of Tenth Circuit*,
  398 U.S. 74 (1970) ...............................................................8, 22

*Cheney v. U.S. Dist. Court*,
  542 U.S. 367 (2004) ............................................................ 7, 8

*Coates v. Ill. State Bd. of Educ.*,
  559 F.2d 445 (7th Cir. 1977) ................................................... 15

*Cole v. U.S. Dist. Court for the Dist. of Idaho*,
  366 F.3d 813 (9th Cir. 2004) ..................................11, 12, 14, 16

*Def. Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) ..................................13, 26, 27, 28

*Def. Distributed v. Platkin*,
  55 F.4th 486 (5th Cir. 2022) .............................................13, 28

*Diageo N. Am., Inc. v. Mexcor, Inc.*,
  661 F. App'x 806 (5th Cir. 2016) ............................................. 15

*Ex parte Republic of Peru*,
  318 U.S. 578 (1943) ............................................................... 13

*FBI v. Fikre*,
  601 U.S. 234 (2024) ................................................................. 7

*Filer v. Donley*,
  690 F.3d 643 (5th Cir. 2012) .................................................... 7

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (1990) ................................................................ 7

*Gahagan v. United States Citizenship & Immigration Servs.*,
  911 F.3d 298 (5th Cir. 2018) .................................................. 16

*Goodrich v. United States*,
   3 F.4th 776 (5th Cir. 2021) ........................................................ 7

*Grayson v. K Mart Corp.*,
   79 F.3d 1086 (11th Cir. 1996) ................................................ 28

*IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*,
   82 F.4th 402 (5th Cir. 2023) ................................................... 12

*In re Beazley Ins. Co.*,
   No. 09-20005, 2009 U.S. App. LEXIS 29463
   (5th Cir. May 4, 2009) ............................................................ 24

*In re BigCommerce, Inc.*,
   890 F.3d 978 (Fed. Cir. 2018) ........................................... 12, 14

*In re Brunson*,
   No. 22-11259-J, 2022 U.S. App. LEXIS 19043
   (11th Cir. July 11, 2022) ........................................................ 16

*In re Clarke*,
   94 F.4th 502 (5th Cir. 2024) ............................................. 16, 17

*In re Crystal Power Co.*,
   641 F.3d 82 (5th Cir. 2011) ..................................................... 9

*In re Fort Worth Chamber of Commerce*,
   100 F.4th 528 (5th Cir. 2024) ................................................ 17

*In re Garcia*,
   No. 24-10798, 2025 U.S. App. LEXIS 997
   (5th Cir. Jan. 14, 2025) .......................................................... 22

*In re Gee*,
   941 F.3d 153 (5th Cir. 2019) ................................................ 6, 13

*In re Gonzalez*,
   No. 21-14093-GG, 2022 U.S. App. LEXIS 5415
   (11th Cir. Mar. 1, 2022) ......................................................... 16

*In re Granados*,
   No. 24-50683, 2025 U.S. App. LEXIS 519
   (5th Cir. Jan. 9, 2025) ............................................................ 14

vi

*In re Hill*,
   693 F. App'x 151 (3d Cir. 2017) .................................................. 11, 14, 16

*In re Itron, Inc.*,
   883 F.3d 553 (5th Cir. 2018) ............................................................11, 18

*In re Jefferson Par.*,
   81 F.4th 403 (5th Cir. 2023) .................................................................. 24

*In re Lane*,
   801 F.2d 1040 (8th Cir. 1986) ............................................................... 16

*In re Nwosu*,
   No. 24-20309, 2024 U.S. App. LEXIS 30273
   (5th Cir. Nov. 27, 2024) ...................................................................10, 18

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ................................................................ 17

*In re Red Baron Motors, Inc.*,
   794 F.3d 481 (5th Cir. 2015) .................................................... 25, 27, 28

*In re Risby*,
   No. 23-10743, 2023 U.S. App. LEXIS 23254
   (5th Cir. Aug. 30, 2023) ............................................................. 10, 18, 19

*In re Rolls Royce Corp.*,
   775 F.3d 671 (5th Cir. 2014) ................................................................ 18

*In re Schlumberger Tech. Corp.*,
   818 F. App'x 304 (5th Cir. 2020) ......................................................... 18

*In re Spiros Partners, Ltd.*,
   816 F. App'x 985 (5th Cir. 2020) ......................................................... 18

*In re Terra Int'l*,
   134 F.3d 302 (5th Cir. 1998) ................................................................ 18

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ....................................................... 17, 18, 24

*In re Volkswagen Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ......................................................... 9, 17, 24

*In re Warrick*,
   70 F.3d 736 (2d Cir. 1995) ........................................................ 25

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL NO. 2179, 2021 U.S. Dist. LEXIS 248281
(E.D. La. Apr. 1, 2021) ................................................. 4, 20, 21

*Kentucky v. Yellen*,
   67 F.4th 322 (6th Cir. 2023) ..................................................... 16

*Kerr v. U.S. Dist. Court for N. Dist.*,
   426 U.S. 394 (1976) .................................................................. 8

*Manax v. McNamara*,
   842 F.2d 808 (5th Cir. 1988) .................................................... 15

*Martinelli v. Hearst Newspapers, L.L.C.*,
   65 F.4th 231 (5th Cir. 2023) ..................................................... 16

*Nat'l Football League Players Ass'n v. Nat'l Football League*,
   874 F.3d 222 (5th Cir. 2017) ...................................................... 7

*Roche v. Evaporated Milk Ass'n*,
   319 U.S. 21, 27–28 (1943) .......................................................... 9

*Roofing & Sheet Metal Servs., Inc. v. La. Quinta Motor Inns, Inc.* ,
   689 F.2d 982 (11th Cir. 1982) ................................................... 28

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist.*,
   482 U.S. 522 (1987) ................................................................. 11

*Stancu v. Hyatt Corporation/Hyatt Regency Dall.*,
   791 F. App'x 446 (5th Cir. 2019) ............................................. 14

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .................................................................... 6

*Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*,
   313 F.2d 359 (5th Cir. 1963) .................................................... 23

*Thomas v. Arn*,
   474 U.S. 140 (1985) ............................................................ 10, 11

*United States v. Denson*,
   603 F.2d 1143 (5th Cir. 1979) .................................................. 22

*United States v. Ecker*,
   923 F.2d 7 (1st Cir. 1991) .................................................................. 11, 16

*United States v. Raddatz*,
   447 U.S. 667, 681 (1980) .................................................................. 10, 19

*Will v. United States*,
   389 U.S. 90 (1967) ................................................................................ 7

**Statutes**

28 U.S.C. § 636 ............................................................ 1, 9, 10, 11, 12, 16

**Rules**

E.D. La. L.R. 83.5.1 .................................................................. 3, 4, 5, 25

E.D. Tex. L.R. 83 ............................................................................ 25

Fed. R. Civ. P. 72 ...................................................... 1, 10, 14, 27

Local Uniform Civ. R. 52 ................................................................. 25

N.D. Tex. L.R. 62 ........................................................................... 25

**Other**

Bryan Garner et al., *The Law of Judicial Precedent* (2016) .............................. 16

Gen. Ord. 2024-2 (S.D. Tex. Feb. 2024) .................................................. 25

## <u>ISSUES PRESENTED</u>

**I.**    Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b) provide for a district judge review of a magistrate judge's non-dispositive order. Garretson never utilized these methods of review of the Magistrate Judge's Order. Is Garretson entitled to mandamus relief when it failed to first exercise its statutory right of review by a district judge?

**II.**    A transferor court is deprived of jurisdiction over a case when the case is transferred and docketed in the transferee court. Garretson moved to alter or amend a transfer order after the case was transferred and docketed in the transferee court. Did the Magistrate Judge clearly abuse her discretion when she denied the motion to alter or amend the Transfer Order for lack of jurisdiction over the case instead of requesting retransfer even though Garretson did not move the Magistrate Judge to request the case be returned?

**III.**    Whether Garretson established a clear and indisputable right to the writ, that there is no other adequate means of attaining relief, and that the writ is appropriate under the circumstances.

## FACTUAL BACKGROUND

Plaintiff timely filed his initial BELO lawsuit bringing claims against BP on January 30, 2023.[1] That lawsuit was then voluntarily dismissed *without prejudice* by stipulation with BP.[2] Importantly, the dismissal preserved Mr. Bryant's right to refile his claim. Mr. Bryant now seeks to re-litigate his BELO claim.[3] He timely submitted a new Notice of Intent to Sue on July 5, 2024, which complies with the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MSA").[4] However, Garretson refused to process it, effectively preventing Mr. Bryant from properly complying with the conditions precedent as set out in the MSA. Therefore, in Mr. Bryant's recent BELO lawsuit against BP, he also sued Garretson for declaratory action and specific performance.[5]

The MSA is a contract between BP Defendants and class members, to which the Claims Administrator is an essential third party.[6] The Claims Administrator was a role created for a neutral third party to perform ministerial

---

[1] Complaint, *Bryant v. BP Exp. & Prod., Inc.*, No. 23-CV-161 (E.D. La. Jan. 30, 2023), ECF No. 1.

[2] *See* **Respondent Bryant's Exhibit 1** (Stipulation of Dismissal Without Prejudice, *Bryant v. BP Exp. & Prod., Inc.*, No. 23-CV-161 (E.D. La. Jan. 30, 2023), ECF No. 26).

[3] *See* Complaint, *Bryant v. BP Expl. & Prod., Inc.*, No. 24-CV-2156 (E.D. La. Aug. 30, 2024), ECF No. 1.

[4] Pet.'s App. 231.

[5] *See* Pet.'s Ex. 2.

[6] Pet.'s Ex. 1, Deepwater Horizon Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012, MDL 2179, Rec. Doc. 6427-1 (May 3, 2012).

functions. Pursuant to the MSA, the Court appointed Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group ("Garretson") as the Claims Administrator.[7] Garretson exceeded the bounds of its designated authority, infringing on Mr. Bryant's right to sue BP for the injuries he sustained from his Deepwater Horizon Oil Spill clean-up work. Therefore, as aforementioned, Mr. Bryant, a Class Member as defined by the MSA, brought claims against the Claims Administrator in his recent BELO Complaint.[8]

Thereafter, on August 30, 2024, the Eastern District of Louisiana provided public notice and the opportunity to comment regarding a proposed addition to Local Rule 83.5.1.[9] While the proposed local rule and public comments were under consideration, Mr. Bryant brought added Garretson as a defendant in his Second Amended Complaint.[10] As discussed herein, the MSA allows for the transfer of claims out of the Eastern District of Louisiana "consistent with the Federal Rules of Civil Procedure," and BELO cases are regularly transferred

---

[7] Pet.'s App. 130 (MSA XVIII.A.11).

[8] Pet.'s Ex. 2.

[9] *Notice of Proposed Addition to the Local Rules for the U.S. District Court for the Eastern District of Louisiana*, E.D. La. (Aug. 30, 2024) https://www.laed.uscourts.gov/sites/default/files/pdfs/PLR83-5.pdf.

[10] Pet.'s Ex. 2. The claims against Garretson were joined with claims against BP Exploration & Production, Inc. and BP America Production Company.

once plaintiffs provide certain disclosures.[11] Thus, on December 30, 2024, Mr. Bryant and BP filed a Stipulation Regarding Venue, requesting transfer to the Southern District of Alabama because it is the most appropriate venue for Mr. Bryant's case.[12] Said Stipulation notes that Garretson neither joined nor opposed such.[13] Garretson was served the same day. Four days later, on January 3, 2025, Mr. Bryant's case was transferred from the Eastern District of Louisiana to the Southern District of Alabama.[14]

A month later, on February 4, 2025, the Eastern District of Louisiana amended its Local Rules to provide that transfers of cases to a district *outside* the Fifth Circuit are stayed for twenty-one days from the date the transfer order is entered on the docket.[15] The Eastern District's Local Rule 83.5.1 had not been adopted when the Transfer Order was entered in Mr. Bryant's case. Therefore, the newly amended Local Rule 83.5.1 was not in effect or applicable. As a result, it would be improper for Garretson to argue that the Eastern District of

---

[11] Pet.'s App. 075 (MSA VIII.G.1.c); *see In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2179, 2021 U.S. Dist. LEXIS 248281, at *31–32 (E.D. La. Apr. 1, 2021) (Barbier, J.).

[12] Pet.'s Ex. 4.

[13] Pet.'s App. 239-40.

[14] Pet.'s Ex. 5. Although filed on January 3, 2025, the Order was dated January 2, 2025. *Id.*

[15] *Order*, (E.D. La. Feb. 4, 2025) (Brown, C.J.) (adding Local Rule 83.5.1 to the Local Rules).

Louisiana failed to properly apply amended Local Rule 83.5.1 when issuing the Transfer Order.

On January 8, 2025, Mr. Bryant's case was docketed in the Southern District of Alabama.[16] *Following* the entrance of the receipt of transfer and the issuance of a Case Management Order in the Southern District of Alabama, Garretson proceeded to file Motions to Dismiss[17] and to Alter the Transfer Order Judgment,[18] in the Eastern District of Louisiana which no longer retained jurisdiction. On January 30, 2025, the Magistrate Judge denied both motions for lack of jurisdiction.[19]

Garretson did not Object to the Magistrate Judge's order or move for reconsideration by the District Judge. Instead, Garretson waited; first it filed a Motion to Dismiss in the Southern District of Alabama,[20] then it filed a Motion to Retransfer in the Southern District of Alabama.[21] A few days later, Garretson filed its Notice of Appeal.[22] A couple more days later, it filed the instant Petition

---

[16] Pet.'s App. 243.

[17] Pet.'s Ex. 8.

[18] Pet.'s Ex. 7.

[19] Pet.'s Ex. 5.

[20] Motion to Dismiss and Memorandum in Support, *Bryant v. BP Exp. & Prod., Inc.*, No. 1:25-CV-10 (S.D. Ala. Feb. 12, 2025), ECF No.'s 28-29.

[21] Pet.'s Ex. 10.

[22] *See* Notice of Appeal, *Bryant v. BP Expl. & Prod., Inc.*, No. 24-CV-2156 (E.D. La. Feb. 26, 2025), ECF No. 36.

for Writ of Mandamus in the Fifth Circuit regarding the Eastern District of
Louisiana's Order transferring the case to the Southern District of Alabama.[23]

## ARGUMENT

Mandamus is unavailable to Garretson for three related reasons. First,
Garretson forewent the statutory available method of review of a magistrate
judge's non-dispositive order. Second, the Magistrate Judge did not commit
clear error. She properly denied Garretson's Motion to Alter/Amend the
Transfer Order based on a lack of jurisdiction and Garretson never moved for
the relief it seeks now below. Additionally, it was not clear error to transfer the
case when the MSA anticipates BELO cases will be transferred. Third, even if
Garretson could satisfy the first two elements for mandamus to issue, the writ is
inappropriate under the circumstances because the writ would not improve
consistence of outcomes, Garretson delayed in seeking review without
explanation, and mandamus would risk conflict between federal courts.

Before addressing the merits of the Petition, the Court's jurisdiction is an
antecedent question which the Court has a "special obligation to satisfy itself"
of its jurisdiction.[24] This obligation must be satisfied before proceeding to the

---

[23] *See generally* Pet.

[24] *In re Gee*, 941 F.3d 153, 170 (5th Cir. 2019) ("[T]he Supreme Court has repeatedly
emphasized 'the rule that Article III jurisdiction is always an antecedent question' because
'[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment.'") (quoting

merits because, without jurisdiction, the Court "'lack[s] power to adjudicate the case' and must dismiss it."[25] Federal courts may only hear ongoing cases or controversies; they must dismiss cases when the party seeking relief from the court receives all the relief requested outside of the court, the "federal court must dismiss the case as moot."[26] This limits jurisdiction to cases where a decision would have "continuing effects," as federal judges "are not free to take up hypothetical questions that pique a party's curiosity or their own."[27]

Assuming that this Court has jurisdiction, mandamus, "one of 'the most potent weapons in the judicial arsenal,'" is an extraordinary remedy that may only be issued if three conditions are satisfied.[28] First, mandamus is only appropriate if there is "no other adequate means to attain the relief" desired.[29] A party may not use mandamus "as a substitute for the regular appeals process."[30] Second, the petitioner must also establish a "clear and indisputable" right to the

---

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)); *id.* at 159 ("[F]ederal courts are under an independent obligation to examine their own jurisdiction . . . .") (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

[25] *Goodrich v. United States*, 3 F.4th 776, 778-79 (5th Cir. 2021) (first quoting *Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012); and then quoting *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017)).

[26] *FBI v. Fikre*, 601 U.S. 234, 240 (2024).

[27] *Id.* at 241.

[28] *Cheney v. U.S. Dist. Ct. for the Dist. of Colombia*, 542 U.S. 367, 380 (2004) (quoting *Will v. United States*, 389 U.S. 90, 107 (1967)).

[29] *Id.*

[30] *Id.* at 380–81.

issuance of the writ.[31] Finally, the court "must be satisfied that the writ is appropriate under the circumstances."[32] "[I]ssuance of the writ is in large part a matter of discretion" of the court.[33]

These conditions limit the availability of mandamus relief. And for good reason. The limited availability of mandamus promotes "the fair and prompt administration of justice [and] discourage[s] piecemeal litigation."[34] This interest is consistent with Congressional policy "since the Judiciary Act of 1789 that as a general rule 'appellate review should be postponed . . . until after final judgment has been rendered by the trial court.'"[35] Resorting to extraordinary writs risks thwarting this policy, and, therefore, "they may not be used to thwart the congressional policy against piecemeal appeals."[36] "[J]udicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies sought to be furthered by that judgment of Congress."[37]

---

[31] *Id.* at 381.

[32] *Id.*

[33] *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cali.*, 426 U.S. 394, 403 (1976).

[34] *Id.*

[35] *Id.* (quoting *Will*, 389 U.S. at 96).

[36] *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 114 (1970).

[37] *Kerr*, 426 U.S. at 403.

I.    **Garretson's Failure to Exercise Available Avenues of Review Bars Mandamus.**

Garretson's request for mandamus relief is nothing more than a tacit request for Court to directly supervise the work of magistrate judges—notwithstanding Congress's decision to enact a statute that provides for district judge supervision and review of magistrate judges' work. The writ of mandamus enables the Court to supervise a lower court within its jurisdiction,[38] but it may not be used to supervise a lower court when a statute provides a specific method of review.[39] Here, instead of utilizing the available methods of review of a magistrate judge's order, Garretson requests this Court directly monitor and supervise the Magistrate Judge's work.

Federal law enables district judges to refer any pretrial matter pending before the district court to a magistrate judge to either hear and determine or submit a report and recommendation.[40] Although the standard of review varies depending on what pretrial matter was referred to the magistrate judge, a district

---

[38] *See In re Volkswagen Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (*en banc*).

[39] *See In re Crystal Power Co.*, 641 F.3d 82, 83 & n.4 (5th Cir. 2011) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27–28 (1943)).

[40] *See* 28 U.S.C. § 636(b)(1)(A)–(B).

judge must review the magistrate judge's work when a party objects or requests reconsideration of a magistrate judge's order or report and recommendation.[41]

When Congress expanded the role of magistrate judges under 28 U.S.C. § 636(b), Congress still sought to limit a magistrate judge's authority. Congress provided that a magistrate judge "acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction."[42] "[I]t is the district court, not the court of appeals, that must exercise supervision over the magistrate [judge]."[43] Therefore, the Fifth Circuit does not generally monitor or supervise the work of magistrate judges.[44] Thus, when this Court has been faced with a petition for a writ of mandamus over a magistrate judge's order, it concluded that the first element necessary for

---

[41] *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections" to magistrate judge's nondispositive order.); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[42] *In re Risby*, No. 23-10743, 2023 U.S. App. LEXIS 23254, at *2 (5th Cir. Aug. 30, 2023) (quoting *United States v. Raddatz*, 447 U.S. 667, 681 (1980)).

[43] *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

[44] *Risby*, 2023 U.S. App. LEXIS 23254, at *2 ("[T]his court neither monitors nor supervises the work of United States magistrate judges"); *see also In re Nwosu*, No. 24-20309, 2024 U.S. App. LEXIS 30273, at *2–3 (5th Cir. Nov. 27, 2024) ("[T]his court neither monitors nor supervises the work of United States magistrate judges to whom cases are referred under § 636(b).").

the writ to issue—no the adequate means to attain the requested relief—was only satisfied given the petitioner "exhausted every other opportunity for interlocutory review of the magistrate judge's order."[45] Other circuits agree; a party that did not first raise the issue to the district judge has an alternative means of obtaining the relief requested and mandamus is unavailable.[46]

Garretson's failure to avail itself of the district judge's authority in supervision and review is fatal to its Petition. First, Garretson asks the Court to supervise a magistrate judge when it is the district judge who must supervise the magistrate judge.[47] Second, review by a district judge provides an adequate alternative means of obtaining the relief Garretson seeks.

There are two possible exceptions to this rule, neither of which applies here. First, mandamus may be available when the parties consented to the magistrate judge conducting the proceedings under 28 U.S.C. § 636(c).[48] Here,

---

[45] *See In re Itron, Inc.*, 883 F.3d 553, 568 (5th Cir. 2018); *see also id.* at 557 (noting petitioner "first lodged objections with the district court, but the district court overruled them on the ground that the magistrate judge's ruling was 'not clearly erroneous.'").

[46] *See e.g.*, *Cole v. United States Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 818–20 (9th Cir. 2004) (first citing *Califano v. Moynahan*, 596 F.2d 1320, 1321–22 (6th Cir. 1979); and then citing *United States v. Ecker*, 923 F.2d 7, 8–9 (1st Cir. 1991)); *see also In re Hill*, 693 F. App'x 151, 153 (3d Cir. 2017).

[47] *See Thomas*, 474 U.S. at 153–54; *see also Cole*, 366 F.3d at 818 ("Were we to ignore this simple and direct route open to petitioners for review of the disqualification order, we would be improperly placing our court, rather than the district court, in the role of supervising the magistrate judge's decisions.").

[48] *See Cole*, 336 F.3d at 818 n.8; *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522 (1987) (reviewing Eighth Circuit's denial of writ of

however, the parties did not knowingly and voluntarily consent to the Magistrate Judge's handling of the proceedings.[49]

Second, a narrow exception exists if a district court's reconsideration would have been futile.[50] For example, this narrow exception was satisfied when a district court's local rule authorized the magistrate judge to rule on a matter which made it "unlikely that the district court would have granted relief on the ground that the magistrate judge did not have jurisdiction to issue an order."[51] A hypothetical review by the district judge was also determined to be futile when the magistrate judge's decision was decided on the basis that the district judge "already considered and rejected" the same arguments by the same defendant.[52] The consequence of which was to allow the petitioner to simultaneously obtain

---

mandamus over magistrate judge's order when the parties consented and the case was referred to the magistrate judge under 28 U.S.C. § 636(c)(1)).

[49] *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a [magistrate judge] may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."); *see also IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 415–16 (5th Cir. 2023) ("Consent to a magistrate-judge referral—that is, a waiver of the right to an Article III adjudication—also cannot be valid if it is not given knowingly and intelligently.") (citing *Wellness Int'l Network, Ltd. V. Sharif*, 575 U.S. 665, 685 (2015)). Absent from the judicial record is Mr. Bryant's consent to proceeding as such.

[50] *See Cole*, 366 F.3d at 819 n.9 (discussing *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998)).

[51] *See In re U.S. Healthcare*, 159 F.3d at 147.

[52] *See In re BigCommerce, Inc.*, 890 F.3d 978, 980, 982 (Fed. Cir. 2018).

mandamus in both the case in which it objected to the magistrate's order and the case where it directly sought mandamus.[53]

Here, Garretson has not attempted to demonstrate requesting relief from the district court would have been futile.[54] No local rule would prevent the district judge from requesting retransfer.[55] And while this Court has noted the expectation that circuit courts direct the district court to request the transferee court return the case, that statement relates to the Court's jurisdiction over the case once it left the circuit's jurisdiction and the balance between "the jurisdictional powers of the separate circuits."[56] Mandamus, however, is a "means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, or of compelling it to exercise its authority when it is its duty to do so."[57] For that reason, a district court must have the authority to request a retransfer for a circuit court to direct a district court to request retransfer through the writ of mandamus. In addition, Garretson's argument against transfer was not already ruled on by the District Judge who would have reviewed its

---

[53] *See id.*

[54] *See* Pet. at 5 (noting district courts can request retransfer).

[55] *See generally* Eastern District of Louisiana Local Civil Rules, available at https://www.lae d.uscourts.gov/sites/default/files/local_rules/2022%20CIVIL%20RULES%20LAED%20 w%20Amendment%202%204%2025.pdf.

[56] *See Def. Distributed v. Platkin*, 55 F.4th 486, 496 (5th Cir. 2022) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 424 (5th Cir. 2022)).

[57] *Gee*, 941 F.3d at 158 (quoting *Ex parte Republic of Peru*, 318 U.S. 578, 583 (1943)).

objections.[58] Therefore, if Garretson objected to the Transfer Order, then the District Judge may have requested retransfer if Garretson's arguments were meritorious.

That said, reconsideration of a magistrate judge's non-dispositive order under § 636(b)(1) is not available indefinitely. Objections must be filed timely or they are waived.[59] Garretson was required to object to the Magistrate Judge's Order within fourteen days of service to preserve its objections.[60] Nevertheless, the extraordinary writ of mandamus is not a backup plan to be resorted to after a petitioner forewent the available means of obtaining relief such as seeking reconsideration by the district judge or objecting to the magistrate judge's order.[61] Even assuming *arguendo* that venue was improper, Garretson's failure to seek District Court review remains an independent bar to mandamus relief. Thus, mandamus is unavailable to Garretson because it failed to pursue the

---

[58] *See BigCommerce*, 890 F.3d at 980, 982 (finding reconsideration by the district judge futile where the district judge already addressed the petitioner's same argument in a related case).

[59] *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

[60] *See id.*; *see also Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 453 (5th Cir. 2019) ("[Appellant] did not object to the magistrate judge's nondispositive sanction order. This issue is therefore not preserved, and we do not address it.").

[61] *See Cole*, 366 F.3d at 818; *see also Hill*, 693 F. App'x at 153; *cf. In re Granados*, No. 24-50683, 2025 U.S. App. LEXIS 519, at *3 (5th Cir. Jan. 9, 2025) (holding that "since an appellate remedy was available . . . a remedy which [petitioner] chose to forego—he may not proceed by way of mandamus.").

14

available, adequate alternative means of obtaining relief before resorting to a Petition for writ of mandamus.

## II. The Magistrate Judge Did Not Abuse Her Discretion When She Denied Garretson Relief That It Never Requested.

Petitioner appears to take issue with the Magistrate Judge failing to *sua sponte* request the Southern District of Alabama retransfer the case when it noted that the Magistrate Judge's Order denying the Motion to Alter/Amend the Transfer Order did not address "the appropriateness of a request for retransfer."[62] But the motion before the Magistrate "request[ed] that the [Magistrate Judge] alter or amend the Transfer Order to retain jurisdiction."[63] Garretson could have filed a motion that requested the Eastern District of Louisiana request the Southern District of Alabama retransfer the case, but it never did.[64] A court neither errs nor abuses its discretion by failing to render relief that was never requested.[65] Therefore, the Magistrate Judge did not err or abuse her discretion by failing to address relief that Garretson never sought.

## III. Garretson Failed to Satisfy its Burden for Obtaining Mandamus Relief.

---

[62] Pet. at 5.

[63] Pet.'s App. 244, 246.

[64] *Id.* at 244–246.

[65] *See Diageo N. Am., Inc. v. Mexcor, Inc.*, 661 F. App'x 806, 812 (5th Cir. 2016) ("The district court did not err when it was never asked to rule on this issue."); *Manax v. McNamara*, 842 F.2d 808, 814 (5th Cir. 1988) ("The district court, as a result, hardly abused its discretion by failing to allow an amendment on its own motion.") (citing *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 451 (7th Cir. 1977)).

### A.    Garretson cannot show that it has no other adequate means to obtain relief.

This Court's statement that the first requirement for mandamus relief—no other adequate avenue for relief—is satisfied in the context of a motion to transfer does not apply here.[66] "[A] decision based on a certain set of facts should not control the outcome of a later case with a factual context that the court adjudicating the earlier case had no opportunity to consider."[67] No prior panel has been presented with a petition for a writ of mandamus where the petitioner forewent a statutorily available appeal to the district judge in the motion to transfer context.[68] As this Court is "always charry to create a circuit split, including when applying the rule of orderliness,"[69] this Court should hold that the availability of an appeal to the district judge under 28 U.S.C. § 636(b)(1) is an adequate, alternative remedy that renders the writ of mandamus unavailable in accord with every circuit that has addressed the issue.[70]

---

[66] *See e.g.*, *In re Clarke*, 94 F.4th 502, 516 (5th Cir. 2024).

[67] *Kentucky v. Yellen*, 67 F.4th 322, 330 (6th Cir. 2023) (Griffin, J., dissenting from denial of rehearing *en banc*) (quoting Bryan Garner et al., *The Law of Judicial Precedent* 82 (2016)).

[68] *See* 28 U.S.C. § 636(b)(1).

[69] *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 245 (5th Cir. 2023) (quoting *Gahagan v. United States Citizenship & Immigration Servs.*, 911 F.3d 298, 304 (5th Cir. 2018)).

[70] *See United States v. Ecker*, 923 F.2d 7, 9 (1st Cir. 1991) (holding argument that appeal of magistrate judge's order should be treated as a petition for mandamus failed to account "for the near-absolute jurisdictional requirement that magistrates' orders be reviewed in the first instance by the district court."); *In re Hill*, 693 F. App'x 151, 153 (3d Cir. 2017) (finding "an adequate means of obtaining relief by seeking review [of magistrate judge's order] in the

Petitioner asserts that it has no adequate appellate remedy because harms associated with transfer "will already have been done by the time the case is tried and appealed."[71] In the motion to transfer context, this Court has generally recognized that there is no other available means to attain relief aside from mandamus.[72] That may be usually. But most of these cases involved transfer orders issued by a district judge.[73] In only one case did the court state that there is no alternative avenue for relief in the motion to transfer context and review a

---

District Court"); *Califano v. Moynahan*, 596 F.2d 1320, 1322 (6th Cir. 1979) ("If the Secretary conceived that the magistrate had overreached his powers, he should have moved the district judge to vacate the order and directly consider the matter himself . . . ."); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) (holding petitioner had "an adequate remedy by which to attain the desired relief" because the 28 U.S.C. § 636(b)(1)(A) provides for district court review); *Cole*, 366 F.3d 813, 822–23 (9th Cir. 2004) ("When review of a decision of a magistrate judge is available as a matter of right by motion for reconsideration before a district court, the opportunity should be taken before extraordinary review by mandamus is sought."); *In re Brunson*, No. 22-11259, 2022 U.S. App. LEXIS 19043, at *3–4 (11th Cir. July 11, 2022) (holding petitioner "had the adequate alternative remedy of filing timely objections to the magistrate judge's R&R"); *In re Gonzalez*, No. 21-14093, 2022 U.S. App. LEXIS 5415, at *5–6 (11th Cir. Mar. 1, 2022) (noting if the court construed the appeal as a mandamus petition it would be futile because the petitioner "has the adequate alternative remedy of raising its argument that the magistrate judge exceeded its authority to the district court").

[71] Pet. at 12 (quoting *Volkswagen*, 545 F.3d at 318–19) (citing *Clarke*, 94 F.4th at 516).

[72] *See In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 287 n.2 (5th Cir. 2013) (itself quoting *Volkswagen*, 545 F.3d at 318–19)); *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 537 (5th Cir. 2024) (quoting *TikTok*, 85 F.4th at 358); *Clarke*, 94 F.4th at 516.

[73] *See Radmax*, 720 F.3d at 290 n.12 (noting same district judge that denied transfer below transferred a case under similar circumstances); *Fort Worth Chamber of Commerce*, 100 F.4th at 538 (vacating *Chamber of Commerce v. Consumer Fin. Prot. Bureau*, No. 24-cv-00213, 2024 U.S. Dist. LEXIS 56003 (N.D. Tex. Mar. 28, 2024) (Pittman, Dist. J.) and ordering district court to reopen the case); *Clarke*, 94 F.4th at 507 n.1 (noting the district judge was invited to respond to the mandamus petition); *Volkswagen*, 545 F.3d at 308 (noting district court denied Volkswagen's transfer motion (citing *Singleton v. Volkswagen of Am., Inc.*, No. 2-06-CV-222, 2006 U.S. Dist. LEXIS 65006 (E.D. Tex. Sept. 12, 2006) (Ward, Dist. J.))).

magistrate judge's transfer order, but there the district judge adopted the
magistrate judge's ruling before the petition for writ of mandamus was filed.[74]
Likewise, the only cases where the Court granted the writ over a magistrate
judge's order, mandamus was only sought after the district judge overruled
objections and adopted the magistrate judge's order.[75] Except for cases where
*pro se* petitioners sought the writ of mandamus and this Court held that
complaints about a magistrate judge's rulings should be made before the district
judge, counsel was unable to find any cases where this Court was presented with
a petition for the writ of mandamus where the petitioner did not first exercise
the right to appeal to the district judge.[76] And counsel is unable to identify any

---

[74] *See TikTok*, 85 F.4th at 357 & n.3–4 ("Because the district court adopted the magistrate judge's report in full, all references to the district court's analysis are synonymous with references to the magistrate judge's recommended order.").

[75] *See In Rolls Royce*, 775 F.3d 671, 674 n.4 (5th Cir. 2014) ("The district court originally referred this motion to a magistrate judge, who recommended denying transfer. The district court adopted the magistrate judge's report, with only minor clarifications.") (internal citations omitted); *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 306 (5th Cir. 2020) (Petitioner "objected, but the district court overruled its objection in relevant part."); *In re Spiros Partners, Ltd.*, 816 F. App'x 985, 986 (5th Cir. 2020) ("The district court overruled Spiros's objection to the magistrate judge's order . . . ."); *In re Terra Int'l*, 134 F.3d 302, 303 (5th Cir. 1998) ("We conclude that Terra has failed to meet the above standard with respect to its challenge to the district court's order affirming the magistrate judge's Production Orders. . . . However, we conclude that Terra has met the standard with respect to the district court's order affirming the magistrate judge's Sequestration Order."); *Itron*, 883 F.3d at 557 (noting petitioner "first lodged objections with the district court, but the district court overruled" the objections).

[76] *See e.g., Risby*, 2023 U.S. App. LEXIS 23254, at *2–3 ("Any complaints Risby has regarding the magistrate judge's rulings must be made before the district court judge."); *Nwosu*, 2024 U.S. App. LEXIS 30273, at *2–3 ("Complaints about the magistrate judge's handling of a case ordinarily should be directed to the district court judge.").

case where this Court granted mandamus over a magistrate judge's order where the petitioner could have appealed to the district judge but did not do so first.

As explained above, Congress created a method for review of magistrate judge orders by district judges.[77] Garretson never attempted to utilize this method of review in the District Court. Therefore, the Court should deny Garretson's Petition for a writ of mandamus because an adequate alternative means of relief exists and Garretson chose not to pursue it.

### B.    The plain language of the Medical Settlement Agreement anticipates and permits venue transfer.

The MSA does not prohibit the transfer of Mr. Bryant's claims against Garretson. The MSA plainly states that nothing therein "should be interpreted to preclude naming or joining any OTHER PARTY as a defendant in a BACK-END LITIGATION OPTION LAWSUIT . . . ."[78] Garretson, the Claims Administrator, is considered an Other Party and was therefore subject to being named in Plaintiff's BELO lawsuit.

---

[77] *See Risby*, 2023 U.S. App. LEXIS 23254, at *2–3 ("Congress made clear that . . . the magistrate [judge] acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction.") (quoting *Raddatz*, 447 U.S. at 681) (alterations in original).

[78] *See* Pet.'s App. 075 (MSA VIII.G.1.d); *see also id.* at 033 (MSA II.XXX) ("OTHER PARTY shall mean every person, entity, or party other than the RELEASED PARTIES"). Notably, the Claims Administrator is not included in the definitions of either RELEASED PARTIES (MSA II.MMMM) or OTHER RELEASED PARTIES (*See* Pet.'s App. 033 (MSA II.ZZZ) and **Respondent Bryant's Exhibit 2,** MSA Exhibit 6).

The MSA provides that a BELO lawsuit must first be filed in the Eastern District of Louisiana.[79] The MSA also clearly states that nothing within it "is intended to preclude a subsequent transfer of venue of such lawsuit to a different United States District Court."[80] For that reason, Mr. Bryant initially filed his lawsuit in the Eastern District of Louisiana and, in alignment with the MSA's provisions, his case was transferred out to the Southern District of Alabama.

The MSA further provides that the MDL court "retains continuing and exclusive jurisdiction over the PARTIES, the MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS and this MEDICAL SETTLEMENT AGREEMENT, to interpret, implement, administer and enforce the MEDICAL SETTLEMENT AGREEMENT in accordance with its terms."[81] Yet, Judge Barbier's Case Management Order 1 (CMO 1) states that "No later than one hundred and twenty (120) days after the date of filing of an individual BELO complaint, counsel for all parties in that action must jointly file in the record a written statement …" either stipulating that the case should remain in the Eastern District of Louisiana, that the case should be transferred to another particularly identified United States District Court for further proceedings, or, if

---

[79] Pet.'s App. 075 (MSA VIII.G. 1. C).

[80] *Id.*

[81] Pet.'s App. 130 (MSA XVIII(A)(13)).

no agreement is reached, both sides must file motions to transfer venue.[82] This is because "the parties through their settlement agreement … resolved the principal common issues that were the basis for including these claims in MDL No. 2179."[83] Thus, simply because the MDL Court maintains jurisdiction to interpret and enforce the MSA, and maintains jurisdiction "through and after the EFFECTIVE DATE,"[84] reading the MSA as a whole does not create the implication that the transfer of actions naming Garretson as an additional defendant in an individual BELO lawsuit may not be permitted to be transferred outside of the Eastern District of Louisiana.

Taking Garretson's position to its logical conclusion, all BELO cases that rely on similar stipulations would be forced to remain in the Eastern District of Louisiana regardless of whether venue is proper.[85] However, Judge Barbier routinely transfers BELO cases to other district courts because common MDL issues of law and fact no longer predominant over the issues presented in

---

[82] *See* **Respondent Bryant's Exhibit 3** (BELO Cases Initial Proceedings Case Management Order, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, No. 2:10-md-02179 (E.D. La. Jan. 30, 2015), ECF No. 14099), at 6.

[83] *Id.* at 1.

[84] Pet.'s App. 136 (MSA XXI.A.5).

[85] *See* Pet.'s App. 007 ("[T]he Court retains continuing and exclusive jurisdiction over the Parties, the Medical Benefits Settlement Class Members and this Medical Benefits Class Action Settlement Agreement, to interpret, implement, administer and enforce the Medical Benefits Class Action Settlement Agreement in accordance with its terms."); *see also id.* at 130, 187 (similar).

individual claims. In fact, approximately two-thirds of BELO lawsuits have been transferred to another district.[86]

The transfer of Mr. Bryant's case conformed to the provisions of the MSA's supposed "forum selection clause" which determines the place of initial filing to avoid the need for a notice of tag-along and transfer by the Judicial Panel on Multidistrict Litigation. The Magistrate Judge acted within her discretion when she entered the Transfer Order sending Mr. Bryant's case to the Southern District of Alabama and when she denied Garretson's Motion to Alter/Amend the Transfer Order.[87, 88] Garretson disagrees with such, however, "the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction."[89] Such alleged errors should have been taken up in the district court itself, not through a writ of mandamus.

---

[86] *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2179, 2021 U.S. Dist. LEXIS 248281, at *31–32 & n.14 (E.D. La. Apr. 1, 2021) (Barbier, J.) (noting "[a]round 2,400 BELO cases were transferred to another venue/district for further proceedings, while approximately 1,200 remained in this district" after BELO plaintiffs filled out a plaintiff profile form and produced certain documents).

[87] *See In re Garcia*, No. 24-10798, 2025 U.S. App. LEXIS 997, at *2 (5th Cir. Jan. 14, 2025) ("[T]he writ will not issue to correct a duty that is to any degree debatable: the trial court must be acting beyond its jurisdiction or in a fashion about which discretion is denied it.") (quoting *United States v. Denson*, 603 F.2d 1143, 1147 n.2 (5th Cir. 1979) (*en banc*)).

[88] Pet.'s App. 255–56 (applying precedent to determine that the instant court no longer had jurisdiction over the transferred claims).

[89] *See Chandler*, 398 U.S. at 114.

Moreover, courts sitting in general maritime law jurisdiction prefer to keep related actions together in a single proceeding in one court rather than splitting them into different proceedings across multiple venues as it is more convenient and cost-efficient for the court to adjudicate the issues in one fell swoop.[90] Bifurcation of Mr. Bryant's claims in different courts would impose additional costs and logistical burdens, in addition to creating unnecessary inefficiency and risk inconsistent rulings. After all, Mr. Bryant sued Garretson for blocking his access to sue BP. Mr. Bryant's causes of action are directly related and should not be separated.

Garretson's Petition for writ of mandamus, if granted, could potentially result in precisely the kind of bifurcated proceedings that courts seek to avoid by creating a scenario where the claims against BP would proceed in the Southern District of Alabama, but the claims against Garretson would be transferred back to the Eastern District of Louisiana despite both sets of claims arising from the same transaction or occurrence. Such a scenario would run counter to the judicial preference for resolving related claims in a single proceeding. Thus, the interests of justice and efficiency weigh heavily against granting the requested writ of mandamus.

---

[90] *See Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363–64 (5th Cir. 1963) ("All of these can be resolved in one proceeding at one time.").

### C.  The writ is not appropriate under the circumstances.

1.  *Issuing the writ will not clarify the law.*

Although the circumstances that warrant mandamus include "when the issues also have an importance beyond the immediate case,"[91] "[m]andamus is not a mechanism for addressing hypothetical erroneous rulings in future cases."[92] Thus, the Court should decide whether the case presents a common error that results in conflicting outcomes and whether granting mandamus will improve the consistency of outcomes.[93]

Here, granting Garretson's writ will not increase the consistency of outcomes in the motion to transfer context. Distinct factual issues in a case provide that resolving an issue "will be of minimal 'importance beyond [the] case.'"[94] Garretson's Petition presents a rare factual issue that is unlikely to be of direct importance beyond this case. The Petition does not allege a complex legal issue that has potential to confuse lower courts and result in inconsistent outcomes. Rather, it alleges a unique factual error—an alleged "misreading of a

---

[91] *Volkswagen*, 545 F.3d at 319.

[92] *In re Jefferson Par.*, 81 F.4th 403, 417 (5th Cir. 2023).

[93] *See TikTok*, 85 F.3d at 367 (noting the Federal Circuit recently reached conflicting decisions while applying Fifth Circuit law).

[94] *See In re Beazley Ins. Co.*, No. 09-20005, 2009 U.S. App. LEXIS 29463, at *22-24 (5th Cir. May 4, 2009).

stipulation."[95] It is unclear how often Garretson believes that federal courts misread stipulations. However, it is difficult to believe that such errors are frequent. Moreover, it is uncertain how mandamus in this case would prevent courts from misreading or misunderstanding parties' submissions in other cases.

Similarly, it is unlikely that a similar scenario will occur in the future. This is the first time that Garretson was sued due to the specific conduct alleged in the Complaint as the Deepwater Horizon Claims Administrator, a position that Garretson has held for approximately fifteen years. Further, if an error occurred, the Eastern District of Louisiana's new Local Rule 83.5.1 would provide time for the district court to determine if the transfer order was in fact based on a misreading or misunderstanding.[96]

2.    *The writ is unwarranted because Garretson was not diligent.*

"A court of appeals should consider directing that the transferor district court request return of the case only where the case has been transferred 'despite the petitioner's diligence.'"[97] Even when the case was transferred before it was possible to seek review of a transfer order, mandamus is only warranted if the

---

[95] *See* Pet. at 5, 8; *see also id.* at 10–11 ("misunderstanding of a venue statement"); *id.* at 11 ("misunderstanding the stipulation").

[96] *See* E.D. La. L.R. 83.5.1. The majority of other districts within the Fifth Circuit have similar rules. *See* N.D. Tex. L.R. 62.2; E.D. Tex. L.R. 83(b); Gen. Ord. 2024-2 (S.D. Tex. Feb. 2024); Local Uniform Civ. R. 52(c) (adopted by both N.D. Miss. And S.D. Miss.).

[97] *In re Red Baron Motors, Inc.*, 794 F.3d 481, 485 (5th Cir. 2015) (quoting *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995)).

petitioner was diligent in exercising an available "fair opportunity to seek review."[98] Therefore, waiting three months before filing a petition for review will render mandamus unavailable.[99] However, where a petitioner filed a notice of appeal the day after the transfer order was issued, it promptly sought relief and placed all parties and the district court on notice of its intent to challenge the transfer order which demonstrated the petitioner's diligence.[100]

Here, Garretson was not diligent in seeking review of the Transfer Order. It never challenged the Transfer Order before the District Judge. Further, Garretson waited fifty-four days between the docketing of the Transfer Order and the filing of its Notice of Appeal and fifty-six days between the docketing of the Transfer Order and filing its Petition. Moreover, after Mr. Bryant's case was docketed in the Southern District of Alabama, Garretson waited forty-nine days to file its Notice of Appeal and fifty-one days to file its Petition. To be sure, less time passed between the Order denying Garretson's Motion to Alter/Amend the Transfer Order and filing its Notice of Appeal and Petition for Writ of Mandamus. But still Garretson waited almost a month after that Order before it

---

[98] *Id.* at 485 & n.9.

[99] *Id.* at 485.

[100] *See Bruck*, 30 F.4th at 425; *see also id.* at 424 (noting "the notice of appeal was filed the day after the district court's order and mandamus relief formally sought within thirty-nine days while briefing was underway.").

sought further review.[101] Worse, because Garretson failed to object to the Magistrate Judge's Order denying the Motion to Alter/Amend the Transfer Order within fourteen days, neither Mr. Bryant nor the district court were on notice that Garretson intended to further challenge the Transfer Order.[102] To date, Garretson failed to offer any reason for its delay in seeking further review.

      3.     *Granting relief would undermine judicial efficiency and risk inter-circuit conflict.*

This is not a "very extreme case" where mandamus should be used to undo a completed inter-circuit transfer because it risks provoking a conflict between the circuits. The Court should exercise its power to direct the lower court to request retransfer of a case only in "a very extreme case" to avoid friction with other federal courts.[103] The risk of friction is reduced when the transferee court stays proceedings pending the mandamus petition.[104] Additionally, "[c]ourts 'prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case pending in another

---

[101] After the Order denying the Motion to Alter/Amend the Transfer Order, Garretson waited twenty-seven days before filing its Notice of Appeal and twenty-nine days before filing its Petition for Writ of Mandamus.

[102] *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *see also Bruck*, 30 F.4th at 425 (noting notice of appeal filed the day after the transfer order immediately placed the parties and the district court of petitioner's "intent to challenge the transfer in this court").

[103] *See Bruck*, 30 F.4th at 424 (quoting *Red Baron*, 794 F.3d at 484).

[104] *See id.* (citing *Red Baron*, 794 F.3d at 484).

court.'"[105] The purpose is to "'maximize' 'the values of economy, consistency, and comity.'"[106]

Here, the risk of friction is palpable. The case in Alabama has not been stayed.[107] Garretson has a motion to retransfer pending in the Southern District of Alabama.[108] That retransfer motion has been fully briefed and was referred to the district judge in the case on March 17, 2025. If the district court in the Southern District of Alabama denies the motion, Garretson could seek review in the Eleventh Circuit or even reconsideration by the district court judge.[109] This presents a real risk of "provoking a possible conflict between the Circuits."[110] And there is more. If the Southern District of Alabama grants the motion to retransfer, then Garretson's Petition is moot. Thus, the Petition asks for relief

---

[105] *Platkin*, 55 F.4th at 494 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)).

[106] *Id.* (quoting *Cadle*, 174 F.3d at 604).

[107] *See Bruck*, 30 F.4th at 424 ("[I]ntercircuit friction was reduced where the transferee court there, as here, stayed proceedings pending our appellate panel's decision.") (citing *Red Baron*, 794 F.3d at 484).

[108] Pet. at 6; Pet.'s App. 257.

[109] *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982) (noting the court would have jurisdiction to review a motion to retransfer on appeal); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.8 (11th Cir. 1996) (noting transfer orders are reviewable through mandamus).

[110] *See Red Baron*, 794 F.3d at 484 (quoting *In re Sw. Mobile Homes, Inc.*, 317 F.2d 65, 66–67 (5th Cir. 1963)).

that it may receive regardless of this Court's ruling; at the same time, it asks the Court for a ruling which invites conflict between the Circuits.

## CONCLUSION

Garretson's Petition fell below what is necessary to show an entitlement to the writ of mandamus. It failed to establish that it was a clear abuse of discretion to transfer the case when nothing in the MSA prevents a BELO lawsuit from being transferred, and Mr. Bryant's claims against Garretson were joined with his BELO lawsuit. And the circumstances counsel against exercising the Court's discretion to grant the writ—assuming the other conditions were satisfied—because granting the writ would not increase consistency of outcomes, Garretson delayed in seeking this Court's review without explanation, and the Petition is duplicative of a Motion before another court which risks a conflict between federal courts. Above all, Garretson had the opportunity to ask the District Judge for the same relief which it seeks in its Petition but chose not to exercise the statutorily available avenue to seek recourse for the allegedly erroneous transfer.

THEREFORE, the Court should deny Garretson's Petition.

Dated: March 24, 2025

Respectfully Submitted,

*/s/ C. David Durkee*
C. David Durkee, Esq.

Florida Bar No.: 998435
Jason Larey, Esq.
Florida Bar No. 1019237
THE DOWNS LAW GROUP, P.A.
3250 Mary Street Ste 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773
Email: ddurkee@downslawgroup.com
     jlarey@downslawgroup.com

***Attorney for Respondent, Percy Bryant, Jr.***

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains **4,676** words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT font, 14-point type face.


*/s/ C. David Durkee*
C. David Durkee, Esq.

***Attorney for Respondent, Percy Bryant, Jr.***

## CERTIFICATE OF SERVICE

On March 24, 2025, a true and correct copy of the foregoing was filed with

the Clerk of this Court using the electronic case filing (ECF) system of the U.S.

Court of Appeals for the Fifth Circuit. The registered CM/ECF users are served

by electronic case filing.

*/s/ C. David Durkee*
C. David Durkee, Esq.

**Attorney for Respondent, Percy
Bryant, Jr.**