A True Copy
Certified order issued Mar 27, 2025

*Tyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals for the Fifth Circuit

No. 25-30120

In re Garretson Resolution Group, Incorporated,

*Petitioner.*

Petition for a Writ of Mandamus
to the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2156

UNPUBLISHED ORDER

Before Stewart, Haynes, and Higginson, *Circuit Judges*.
Per Curiam:

    The petition for mandamus filed by Garretson Resolution Group, Inc. ("Garretson") arises out of a stipulation filed in the district court on December 30, 2024 pursuant to a case management order.[1] The stipulation indicated that the plaintiff and two defendants[2] stipulated and agreed to a transfer of venue to the Southern District of Alabama, but the stipulation specifically stated that Garretson was not included in the stipulation of

---

[1] The original complaint was filed on August 30, 2024, and the case management order required the parties to file their position on venue within 120 days of the filing of the complaint.

[2] Those defendants are BP Exploration & Production Inc. and BP America Production Company (the "BP Defendants").

venue. The stipulation also stated that Garretson, who was not a party to the original complaint, was named as a defendant in the Second Amended Complaint filed on December 23, 2024, and that a summons was issued for Garretson on December 26, 2024, but Garretson's answer was not yet due at the time the stipulation was filed.

On January 3, 2025, an order was entered transferring the case from the Eastern District of Louisiana ("EDLA") to the Southern District of Alabama. On January 8, 2025, the EDLA docket indicates the case was transferred. At the time of the transfer, Garretson had not yet made any appearance in the case. It is not clear from the record whether Garretson had yet been served.

Also on January 8, but after the transfer had been effectuated, Garretson filed both a motion to dismiss and a motion asking EDLA to reconsider the venue transfer. The plaintiff and the BP Defendants filed a consent motion agreeing to transfer the matter back to EDLA until the Garretson motion to dismiss could be heard. The court entered an order and reasons denying the motions, essentially holding that because the transfer had already taken place, the court had no jurisdiction.

Our court has noted the necessity for district courts to stay transfer orders for a short period so that opposing parties may appeal them. *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 302 n.17 (5th Cir. 2024). Failure to do so "can produce needless inter-circuit complications." *Id.* "We again exhort our district court colleagues throughout the circuit to stay venue-transfer orders for a brief time to avoid the frenzy of unnecessarily rushed mandamus proceedings." *Id.*

Indeed, EDLA recently adopted a local rule to address this very

problem.³ Unfortunately, the local rule did not take effect until February 4, 2025, which was after the transfer at issue here had taken place.

As our court has confirmed, a writ of mandamus is the only opportunity for appellate review of an effectuated transfer. Of course, however, mandamus remains a "drastic and extraordinary remedy." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Under the circumstances presented here, granting the writ is appropriate. *See id.* at 380-81, *see also In re John Doe Corporation*, No. 24-20407 (5th Cir. Oct. 3, 2024).

IT IS ORDERED that the petition for writ of mandamus is GRANTED, and EDLA is DIRECTED to request that the Southern District of Alabama transfer the case back to EDLA to allow for a 21 day stay period for Garretson to re-urge its venue argument(s). This Order exclusively addresses the narrow procedural issue created by the immediate transfer. We express no view as to the merits of EDLA's transfer to the Southern District of Alabama, and further recognizes that the ultimate decision regarding whether to transfer the case back to EDLA to allow for a 21 day stay period, remains the prerogative of the Southern District of Alabama.

---

³ The local rule states: "Unless all affected parties consent to the transfer, an order that transfers a case to a district court outside the Fifth Circuit is stayed for 21 days from the date the order is entered on the docket." E.D. La. LR 83.5.1.